993 F.2d 1538
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
POTOMAC IRON WORKS, INCORPORATED, Plaintiff-Appellee,
v.
DICK ENTERPRISES, INCORPORATED; American Casualty Company
of Reading, Pennsylvania; Continental Casualty
Company, Defendants-Appellants.
Potomac Iron Works, Incorporated, Plaintiff-Appellant,
v.
dick Enterprises, Incorporated; American Casualty Company
of Reading, Pennsylvania; Continental Casualty
Company, Defendants-Appellees.
 Nos. 92-2327, 92-2328.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 4, 1993
Decided: June 8, 1993
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. Clarence E. Goetz, Chief Magistrate Judge. (CA-91-2159-L)
 Michael Louis Thomas, Thompson & Waldron, Alexandria, Virginia, for Appellant.
 Herman Martin Braude, Braude & Margulies, P.C., Baltimore, Maryland, for Appellee.
 William M. Huddles, Braude & Margulies, P.C., Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, and PHILLIPS and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 This breach of contract action arose from the construction of a maintenance shop for the Baltimore Central Light Rail Line. Potomac Iron Works ("Potomac"), a second-tier subcontractor in the project, sued the general contractor, Dick Enterprises ("Dick"), for the balance due on its contract to supply "structural" and"miscellaneous" steel and for work it allegedly performed over and above the terms of the contract. Dick counterclaimed, contending that Potomac failed to satisfy its duty of performance, misfabricated certain steel members, and failed to deliver the steel on schedule, thereby causing delays and cost overruns.
 
 
 2
 After trial on the merits, the magistrate judge, who had jurisdiction under 28 U.S.C. §§ 1332 and 636(c)(1), denied Potomac's claim for the balance due on the contract on the theory that Potomac had committed a material breach of its duty of performance. The magistrate judge, however, granted Potomac's claim for $98,644.00, a figure representing the cost of supplying certain track support materials that the court found were not part of Potomac's original contract. The magistrate judge also denied Dick's counterclaim for the cost of correcting and completing the work on the ground that there had been an accord and satisfaction covering this claim. We affirm.
 
 
 3
 * The Baltimore Central Light Rail Line is owned by the Maryland Mass Transit Administration ("MTA"). MTA contracted with Dick to be the general contractor for the construction of its new train maintenance shop. Dick then sought a subcontractor to fabricate, supply, and erect all the steel work required by the project. Dick eventually subcontracted the steel work to Newnan Enterprises ("Newnan"), which in turn entered into a purchase agreement with Potomac. The understanding was that Newnan would erect the steel work for the building after Potomac fabricated the necessary steel parts.
 
 
 4
 The contract between Dick and Newnan consisted of plans and specifications describing the steel work to be done. Dick's contract with Newnan incorporated by reference the terms and conditions of the prime contract between Dick and MTA. The purchase agreement between Newnan and Potomac also incorporated by reference the terms and conditions of the prime contract and Newnan's subcontract.
 
 
 5
 Prior to the commencement of this litigation, Newnan assigned all its rights and duties under its purchase agreement with Potomac to Dick. On August 1, 1991 Potomac brought the instant breach of contract action against Dick, seeking to recover for three items: (1) work involving steel "pedestals," which Potomac claims was not included in its contract with Newnan; (2) certain "changes" made necessary by the architects' and engineers' requirement of bolting, instead of welding, the "girt"* system of the building; and (3) the unpaid balance of the contract price. Dick, as Newnan's assignee, filed a counterclaim against Potomac, seeking to recover the net cost it incurred in (1) repairing improperly fabricated materials supplied by Potomac; and (2) completing that portion of the work which Potomac allegedly failed to complete.
 
 
 6
 After trial on the merits, the magistrate judge (1) denied Potomac's claim for the balance, citing Potomac's material breach of the purchase agreement with Newnan; (2) granted Potomac quantum meruit recovery for supplying track support materials not included in the purchase agreement; and (3) denied Dick's counterclaim. Dick now appeals the denial of its counterclaim, and Potomac cross-appeals the magistrate judge's denial of its claim for the balance of the contract price.
 
 II
 
 7
 Our review of the record, the magistrate judge's opinion, and the arguments of counsel discloses that Dick's and Potomac's various assignments of error to the magistrate judge's judgment are without merit. Accordingly, we affirm the judgment below.
 
 AFFIRMED
 
 
 *
 The "girt" system of a building may be defined as that series of connected beams which provides the structure with its principal means of support